| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| KAREN LANE,<br><br>              Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. 1:16-cv-01386-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his applications for supplemental security income and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit.

At the hearing on November 16, 2017, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument on November 16, 2017, the Court finds that the decision of the Commissioner of Social Security should be reversed and the case should be remanded for further proceedings.

On September 12, 2013, Licensed Marriage and Family Therapist (LMFT) Sahai-Bains diagnosed Ms. Lane with Bipolar Disorder I, with the most recent episode of mania, moderate, and referred Ms. Lane for group services and to Dr. Obata for psychiatric follow-up. (AR 505)

On October 25, 2013, Psychiatrist Christine Obata, M.D. evaluated Ms. Lane. (AR 490-491) Dr. Obata assessed Ms. Lane as "Likely Bipolar Disorder Type I," and "[c]urrently appears to be in a hypomanic episode." (AR 491) Dr. Obata also assessed that Ms. Lane "requires more intensive mental health services than can be provided through primary care" and recommended that Plaintiff continue the psychotherapy at Fresno County Mental Health and to establish care

with a psychiatrist for psychotropic medication management visits.

On December 20, 2013, Ms. Lane was again treated by psychiatrist Dr. Obata, who assessed "Depression NOS [more likely]; rule out Bipolar Disorder." (AR 485) Dr. Obata noted that Ms. Lane was "uncontrollably tearful during most of interview," prescribed an antidepressant and recommended continuing psychotherapy at Fresno County Mental Health.

On May 29, 2014, psychiatrist Shawn Hersevoort, M.D. evaluated Ms. Lane at the request of Dr. Sheh, M.D. to assist with treatment planning. (AR 467) Dr. Hersevoort observed that Ms. Lane suffers from major depression, generalized anxiety disorder, and partially-resolved Post-Traumatic Stress Disorder (PTSD). Dr. Hersevoort further observed that Ms. Lane "by strict criteria likely fits into the Bipolar NOS category," but has never been hospitalized for her symptoms and "scored a 7 on the [Mood Disorder Questionnaire], which is the minimum score for considering bipolar." Dr. Hersevoort noted to "consider an adjunctive mood stabilizer at a later date to help with bipolar NOS." (AR 473)

On November 20, 2014, there was a subsequent psychiatric visit with Dr. Hersevoort, where he observed and opined that Ms. Lane is "suffering from a combination of cluster B personality disorder (most likely borderline) as well as a bipolar 2 illness." (AR 448) Ms. Lane was treated by Dr. Hersevoort again on December 4, 2014, who observed that Ms. Lane was experiencing severe mood, anxiety and somatic symptoms. (AR 443) Dr. Hersevoort noted that Ms. Lane had a "complex history and presentation with likely borderline personality disorder, possible bipolar (1 vs 2), ADHD, PTSD." In the diagnosis (Patient Active Problem List) section of the medical record, Dr. Hersevoort recorded the following mental conditions:

| | |
|---|---|
| Cluster B personality disorder (likely) | 11/20/2014 |
| ADHD (attention deficit hyperactivity disorder) | 6/20/2014 |
| PTSD | 6/20/2014 |
| Bipolar disorder, unspecified | 5/29/2014 |
| Intellectual disability | 1/31/2014 |

At step two of the five-step sequential disability analysis, the ALJ found Ms. Lane had severe impairments of "brittle diabetes mellitus with peripheral neuropathy, depressive disorder, borderline intellectual functioning, and ADHD. (AR 13). Although Ms. Lane had claimed she

2

also suffered from bipolar disorder, the ALJ failed to discuss this disorder in any way in step 2 and did not refer to the above mentioned doctor's diagnoses at this step. Moreover, when the ALJ formulated Ms. Lane's residual functioning capacity ("RFC") assessment, the ALJ failed to address the opinions of treating doctors Obata and Hersevoort. This was legal error. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (providing that the ALJ must give "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician, *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990), and "specific and legitimate" reasons that are supported by substantial evidence in the record for rejecting a contradicted opinion, *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

The ALJ only mentioned bipolar disorder in the context of discrediting Ms. Lane's credibility. The ALJ noted that Ms. Lane was seen in September 2013 by LMFT Sahai-Bains, who diagnosed bipolar disorder. (AR 18) In the same paragraph, the ALJ went on to express an opinion that Ms. Lane was exaggerating her symptoms in order to receive disability benefits. While this discussion includes references to medical records by Drs. Obata and Hersevoort, they are not mentioned by name or their diagnoses, and the ALJ does not provide specific reasons for discounting their opinions. Although the Commissioner argues that these page references are sufficient to satisfy the ALJ's burden, the Court disagrees.

The ALJ's decision does cite to "Exhibit 6F," which consists of 69 pages of medical records from Community Medical Centers, a medical group consisting of several doctors (including Obata and Hersevoort) that provided to treatment to Ms. Lane. (AR 432-499) The Court reviewed the all of instances where the ALJ cited to a specific page of Exhibit 6F, and none the citations were to the records of doctors Obata and Hersevoort.[1]

The Court thus remands the case for additional development regarding the medical opinions of doctors Obata and Hersevoort and possible work-related limitations resulting from the conditions. On remand, the ALJ shall consider their opinions and either accept them or provide specific and legitimate reasons supported by substantial evidence for failing to do so.

---

[1] The ALJ also made a general citation to Exhibit 6F without a page number, but this appears to be a citation to the records of Dr. Sheh.

Accordingly, the Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and the case is remanded to the Social Security Administration. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **November 16, 2017**　　　　　/s/ *Eric P. Gros...*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE