# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LANE,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | 1:16-cv-01386-EPG<br><br>ORDER ** PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EAJA IN PART<br><br>(ECF No. 23) |

Plaintiff, Karen Lane, moves the Court to grant, under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), $6,446.08 in attorney fees. (ECF Nos. 23, 27.) Defendant, the Commissioner of Social Security, objects to Plaintiff's motion, contending that the Social Security Administration's position was substantially justified at each stage in this matter, thereby precluding payment of fees and expenses under the EAJA. The Commissioner argues, alternatively, that the requested amount of fees is unreasonable and that any EAJA fees must be made payable to Plaintiff, not her counsel. Upon a review of the pleadings, the Court grants Plaintiff's motion of $6,446.08.[1]

## BACKGROUND

On September 19, 2016, Plaintiff filed a complaint challenging the denial of benefits by an Administrative Law Judge ("ALJ"). (ECF No. 1.) The Court issued a Scheduling Order

---

[1] The matter was submitted for decision on the parties' briefs.

1

outlining procedural steps and corresponding deadlines to be followed in this case. (ECF No. 5.) In order to promote early settlement in social security cases, thereby saving time and resources for all parties, the Scheduling Order included a requirement that the parties exchange succinct, confidential letter briefs prior to submitting formal briefs with fully developed arguments to the Court. (*Id.*) This process allows the parties to vet and discuss potential reasons for remanding the matter, so as to obviate formal briefing and adjudication on the merits by the Court if the case can be resolved informally. The Scheduling Order indicates that an opening brief is to be filed with the Court only in the event that the Commissioner does not agree to remand the matter. (*Id.* at 2.)

In this case, the Commissioner did not agree to remand the matter for further proceedings, and the parties proceeded with formal briefing. (ECF Nos. 15, 16, 17.) The Court heard oral argument from the parties on November 16, 2017 (*see* ECF No. 20), and subsequently issued an order and final judgment in favor of Plaintiff and against Defendant (ECF Nos. 21, 22). Plaintiff then filed the instant motion for attorney fees. (ECF No. 23.)

## DISCUSSION

The Equal Access to Justice Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Defendant argues that Plaintiff is not entitled to fees under the EAJA because the Commissioner's position was substantially justified. (ECF No. 26.) Defendant argues, alternatively, that even if Plaintiff is entitled to EAJA fees, the amount of fees she requests is unreasonable and, further, that to the extent the Court determines that Plaintiff is entitled to EAJA fees, those fees must be paid directly to Plaintiff and not to Plaintiff's counsel.

///

### A. The Commissioner's Position was not "Substantially Justified"

An applicant for Social Security benefits attaining a remand under sentence four of 42 U.S.C. § 405(g) is entitled to attorney fees under the EAJA, unless the Court finds that the Commissioner's position was "substantially justified" or that special circumstances make an award unjust. *Meier v. Colvin*, 727 F. 3d 867, 869-870 (9th Cir. 2013). The government's position includes both its "litigation position and the underlying agency action giving rise to the civil action." *Id*. Thus, if the underlying agency action, here the ALJ's determination, was not substantially justified, an award of attorney fees is warranted. *Id*. (if the underlying agency action was not substantially justified, the court must award fees and need not address whether the government's litigation position was justified). Alternatively, even if the government's position at the agency level was substantially justified, attorney fees are still warranted if the government's subsequent litigation position is not substantially justified. *Id*. "It is the government's burden to show that its position was substantially justified." *Id.* at 870.

"Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id*. (internal quotation marks and citation omitted). Put differently, to be substantially justified, "the government's position must have a reasonable basis both in law and fact." *Id*.

Here, as the Court noted in its Final Judgement and Order Regarding Plaintiff's Social Security Complaint, the ALJ committed legal error. (ECF No. 21 at 2-3.) At step two of the five-step sequential disability analysis, the ALJ found Plaintiff had severe impairments of "brittle diabetes mellitus with peripheral neuropathy, depressive disorder, borderline intellectual functioning, and ADHD," but did not discuss bipolar disorder, despite Plaintiff's claim that she suffered from it, and did not refer to the bipolar diagnoses made by two treating physicians, Drs. Obata and Hersevoort. Further, in formulating Plaintiff's residual functioning capacity assessment, the ALJ failed to address the opinions of Drs. Obata and Hersevoort. Indeed, the ALJ mentioned bipolar disorder only in the context of discrediting Plaintiff's credibility. The ALJ's reference to medical records that included those of Drs. Obata and Hersevoort did not mention the doctors by name and did not mention the bipolar diagnoses, and the ALJ did not provide a

specific reason for ignoring or discounting the opinions of these treating physicians.

The Commissioner argues that she "was substantially justified in defending the ALJ's determination that Plaintiff was not disabled because that determination was reasonable based on the totality of the record evidence and applicable law," and "[t]here was, at least, a 'genuine dispute' based in the record." (ECF No. 26 at 3.) Defendant contends that even though the ALJ did not mention Drs. Obata and Hersevoort by name, the ALJ referenced Dr. Sheh's medical records which, in turn, reference Dr. Obata's diagnosis of bipolar disorder. (*Id.* at 4.) The Commissioner argues that her position was therefore substantially justified. The Court disagrees.

Ninth Circuit precedent makes clear that an ALJ decision is not supported by substantial evidence where the decision fails to offer specific and legitimate reasons for rejecting a physician's opinion. *See Meier*, 727 F.3d at 870-72. Similarly, there is no substantial evidence where an ALJ ignored medical reports, both in posing questions to the vocational expert and in making a final decision. *See Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995). Here, the ALJ failed to properly consider the opinions of treating physicians, or provide an explanation for rejecting those opinions. The Commissioner's defense of the ALJ's decision is, accordingly, not substantially justified and Plaintiff is entitled to reasonable attorney fees under the EAJA. *See Shafer v. Astrue*, 518 F.3d 1067, 1069-72 (9th Cir. 2008) (reversing district court's denial of EAJA fees where ALJ erred in rejecting, without explanation, a non-examining doctor's opinion, in contravention of governing regulations requiring ALJ to evaluate every medical opinion received); *see also Meier*, 727 F.3d at 870, 872 (ALJ decision not supported by substantial evidence is strong indication that Commissioner's defense of ALJ decision was not substantially justified).

**B. <u>Reasonableness of Plaintiff's Requested Attorney Fees</u>**

Under the EAJA, attorney fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). By statute, hourly rates for attorney fees under the EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living. *Id.*; *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. In the Ninth Circuit, the statutory maximum EAJA rates for

the years at issue in this case are $192.68 (2016) and $196.79 (2017 and 2018).[2]

Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," as a lawyer in private practice would do. *Hensley,* 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The Court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433; *Sorenson*, 239 F.3d at 1145. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claims is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. Of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Here, Plaintiff requests the maximum statutory rate, which is $192.68 for the hours expended in 2016, and $196.79 for the hours expended in 2017 and 2018.[3] (ECF No. 23 at 8.) Plaintiff initially requested compensation for a total of 30.80 hours of attorney time, but increased that request by 2.00 hours to account for the time required to research and draft a reply to the Commissioner's opposition to her fee request. (*See* ECF Nos. 23 at 8, 27 at 4.) Plaintiff provides the following details for the hours for which she seeks compensation:

| Description | Time |
|---|---|
| Review ALJ decision for issues subject to appeal and timeliness (2016; $192.68 per hour) | 1.10 |
| Preparation and filing of complaint and associated pleadings (2016) | 1.00 |

---

[2] *See* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.
[3] The Commissioner does not challenge Plaintiff's request for the statutory maximum rate.

5

| | |
|---|---|
| Review Lodged File (521 pages) and continue issue identification (2017; $196.79 per hour) | 5.25 |
| Research and draft Confidential Letter Brief | 3.40 |
| Review Defendant's Response to Confidential Letter Brief | 0.05 |
| Draft Opening Brief | 7.25 |
| Review Defendant's Opposition Brief, including cited authorities | 1.75 |
| Draft Reply Brief | 5.50 |
| Prepare for and attend court-ordered oral argument | 1.00 |
| Travel to and from court-ordered oral argument (4 hours of 6 total hours waived) | 2.00 |
| Prepare Stipulation and Proposed Order for Award and Payment of Attorney Fees and Expenses Pursuant to EAJA (2018; $196.79 per hour) | 0.75 |
| Draft Motion for Award and Payment of Attorney Fees and Expenses Pursuant to EAJA, Memorandum of Points of Authorities in Support; and Declaration of Melissa Newel; Proposed Order (2018) | 1.75 |
| Research and Draft Reply to Defendant's Opposition to Plaintiff's Request for Attorney Fees pursuant to EAJA | 2.00 |
| **Total** | **32.80** |

(*See* ECF Nos. 23 at 8, 27 at 4.)

Plaintiff contends that the time counsel spent on the case is both justified and appropriate, and well within the limit of what has been characterized as reasonable when compared to similar Social Security appeals before this Court. Plaintiff points out that she tried to informally resolve the EAJA fee issue with the Commissioner, and drafted and forwarded a stipulation and proposed order to the Commissioner's counsel via email but that she never received a response to her last two emails, which sought to resolve the EAJA attorney fees issue.

Defendant contends that Plaintiff's request is unreasonable because Plaintiff's counsel cut and pasted portions of the confidential letter into the opening brief, and because Plaintiff's counsel used large block-billing entries. (ECF No. 26 at 4-8.) Plaintiff denies that her counsel merely cut and pasted the informal letter into the opening brief and contends that the hours expended on the opening brief were necessary to fully present the record and arguments to the Court, and, further, that she has provided the amount of detail needed for a review of the reasonableness of her hours.

As to the Commissioner's "block billing" argument, the Court agrees that the use of a "block billing" format, which identifies several tasks within one time entry and does not specify how much time it took to complete each of the tasks recorded in the entries, makes it difficult for courts to determine the reasonableness of the hours for which compensation is sought. As observed by the Ninth Circuit, "block billing makes it more difficult to determine how much time

was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Further, although counsel is "not required to record in great detail how each minute of [her] time was expended," *Hensley*, 461 U.S. at 437 n.12, "counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Yeng Xiong v. Astrue*, No. 1:10–cv–01671–JLT, 2012 WL 4210121, at *3 (E.D. Cal. Sept. 19, 2012) (quoting *Chamers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). Here, although the amount of detail provided by Plaintiff's counsel is minimal, the Court finds the level of detail sufficient under the circumstances of this case to determine the reasonableness of the time counsel spent on the various tasks. (*See* ECF No. 23 at 8.)

In reviewing Plaintiff's hours, the Court is mindful that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, [she] won, and might not have, had [she] been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). With this deference in mind, and considering the circumstances of this case, including that the case was fully briefed and oral argument was presented, the Court does not find the time spent by Plaintiff's counsel to be duplicative, and finds the time expended by Plaintiff's counsel on the various tasks, and the total time of 32.8 hours for which recovery is sought, to be reasonable. *See, e.g., Kuharski v. Colvin*, No. 2:12–cv–1055–AC, 2015 WL 1530507, *1–2, 6 (E.D. Cal. Apr. 3, 2015) (40.80 hours awarded where claimant's attorney required to oppose cross-motions for summary judgment and a motion to amend the judgment); *Boulanger v. Astrue*, No. Civ. S–07–0849 DAD, 2011 WL 4971890, *2 (E.D. Cal. Oct. 19, 2011) (58 hours awarded where cross-motions for summary judgment filed by the parties); *Watkins v. Astrue*, No. Civ S–06–1895 DAD, 2011 WL 4889190, *1 (E.D. Cal. Oct. 13, 2011) (awarding 62 hours where cross-motions for summary judgment filed, the administrative record was 700 pages and opening brief was 55 pages long); *Vallejo v. Astrue*, No. 2:09–cv–03088 KJN, 2011 WL 4383686, *4 (E.D. Cal. Sept. 20, 2011) (approving 62.1 hours where case fully briefed); *Dean v. Astrue,* No. CIV S–07–0529 DAD, 2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours, noting it was at the upper end, where remand after filing a motion for summary judgment on client's behalf).

**C. Payment of Fees Directly to Plaintiff**

The Commissioner argues that any fee award should be made directly to Plaintiff. (ECF No. 26 at 7-8.) Plaintiff does not contest the Commissioner's position on this issue, and indeed, Plaintiff's proposed order submitted to the Court included language consistent with the Commissioner's position. (*See* ECF No. 23-2 at 1-2.) As the parties recognize, under *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010), an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. In light of *Astrue*, and the discretionary authority of the government to accept or not accept an assignment of fees, the Court finds it appropriate to order the EAJA fees be made payable to Plaintiff and delivered to the offices of Plaintiff's counsel, subject to any government debt offset and subject to the government's decision on whether to waive the requirements under the Anti-Assignment Act.

## **CONCLUSION AND ORDER**

Based on the foregoing, the Court finds Plaintiff's counsel reasonably expended 32.80 hours litigating this case, with 2.10 hours at a rate of $192.68 for $404.63, and 30.7 hours at a rate of $196.79 per hour for $6,041.45, for a total award of $6,446.08. Accordingly,

1. Plaintiff's motion for attorney fees and expenses under the EAJA is GRANTED;
2. Plaintiff is awarded attorney fees under the EAJA in the amount of $6,446.08;
3. The Commissioner is respectfully directed to determine whether Plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall cause payment of fees to be made directly to Plaintiff unless the Government decides to accept the assignment of fees; and

\\\

\\\

4. The Commissioner is directed to mail the payment to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: **July 17, 2018**          /s/ Eric P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE